UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:25-cv-03480-MWC-MAR     Date: February 9, 2026

Title: Estate of K. Muhammad *et al.* v. RCA Records *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order DENYING Khalfani Rushiddin's Motion to Intervene (Dkt. [61])**

    Before the Court is Movant Khalfani Rushiddin's ("Movant") motion to intervene. *See* Dkt. # 61 ("*Mot.*"). Plaintiff Estate of Khallid Muhammad ("Plaintiff") opposed, *see* Dkt. # 63 ("*Opp.*"), and Defendant Sony Music Entertainment a/k/a RCA Records filed a notice of non-opposition, *see* Dkt. # 65 ("*D's Notice of Non-Opp.*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **DENIES** Movant's motion to intervene.

I.     Background

    On April 18, 2025, Plaintiff filed a complaint against Defendant, Michael Eugene Parker (formerly known as D'Angelo), and D'Angelo & The Vanguard asserting claims for copyright infringement. *See* Dkt. # 1 ("*Compl.*"). The Court dismissed D'Angelo & The Vanguard for lack of prosecution on November 6, 2025. *See* Dkt. # 54.

    On December 29, 2025, Movant filed his motion to intervene. *See Mot.* He asserts that he is the son of Decedent Khallid Muhammad ("Decedent") and identifies that the Administrator of Decedent's estate, Paula White-Rushiddin, divorced Decedent prior to his death. *See id.* 3. Movant argues that he has a direct pecuniary, intellectual property, familial, and reputational interest in the outcome of this litigation. *See id.* That interest is one in "the ownership and authorship of the copyrighted works at issue," "the attribution and control of those works," and "any monetary recovery, royalties, settlement, or relief awarded in this action." *See id.* 6. Movant believes that Ms. White-Rushiddin does not adequately represent his interests because of her divorce from Decedent, her representation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-03480-MWC-MAR | Date: February 9, 2026 |
| Title:   Estate of K. Muhammad *et al.* v. RCA Records *et al.* | |

of only herself and her son, her failure to include Movant or his brother (David Vann) in notices of interested parties, and her failure to notify Movant of this lawsuit.  *See id.* 8.  He also contends that Ms. White-Rushiddin does not represent Movant's "legal or financial interests" and that she "[c]annot adequately secure or allocate proceeds for all heirs."  *See id.*

In the alternative to intervention as of right under Federal Rule of Civil Procedure ("Rule") 24(a), Movant argues that the Court should allow for permissive intervention under Rule 24(b).  *See id.*  He maintains that his "claims share common questions of law and fact with pending litigation," including "[o]wnership of copyrighted speeches," "[p]roper attribution," "[e]xploitation of [Decedent's] works," "[d]istribution of proceeds," and "[i]dentification of lawful heirs."  *See id.*  Movant's declaration also states that neither he nor Mr. Vann "were ever formally notified, contacted, or included in any probate or federal case filings brought in the name of our father's estate."  *See id.* 11.  Movant includes copies of documents "supporting [his] identity, lineage, and status as a Natural Son, Lawful Heir, and Real Party in Interest" of Decedent.  *See id.* 12.

With its opposition, Plaintiff submits an October 19, 2001, order from the Eighth Judicial District Court in Clark County, Nevada, documenting Paula White-Russhiddin's appointment as Administrator of Decedent's estate.  *See* Dkt. # 63-1 ("*Order Appointing Administrator*") 1.  That order stated that "[n]o person appeared to contest the Petition [for Issuance of Letters of Administration]," and found that "[a]ll notices of the hearing [on the Petition] have been duly given as required by law," and that Decedent left an estate in Nevada subject to probate administration.  *See id.*

II.   Legal Standard

Rule 24 governs motions to intervene.  *See* Fed. R. Civ. P. 24.  Rule 24(a), which governs intervention as of right, states:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-03480-MWC-MAR            Date: February 9, 2026

Title: Estate of K. Muhammad *et al.* v. RCA Records *et al.*

> situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Rule 24(b) governs permissive intervention, providing that "the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The portion of Rule 24 concerning permissive intervention further notes that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Ninth Circuit construes Rule 24 liberally in favor of intervention. *See Wash. State Bldg. & Constr. Trades Council, AFL-CIO v. Spellman,* 684 F.2d 627, 630 (9th Cir. 1982). Still, "'[t]he party seeking to intervene bears the burden of showing that all the requirements for intervention have been met.'" *Thompson Metal Fab, Inc. v. U.S. Dep't of Transp.*, 289 F.R.D. 637, 641 (D. Or. 2013) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections . . . . [H]owever, we do not foreclose consideration of the pleadings and affidavits of opponents to intervention . . . ." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

III. Discussion

Because Movant has not shown any difference between his interests and Plaintiff's, the Court cannot grant his motion.

Movant argues that Rule 24(a)(2) provides grounds for his intervention. *See generally Mot.* Even if the Court assumes *arguendo* that Movant has an interest relating to intellectual property at the center of this litigation, Movant offers only conclusory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-03480-MWC-MAR                                                  Date: February 9, 2026

Title:  Estate of K. Muhammad *et al.* v. RCA Records *et al.*

allegations as to how proceeding without him would impair his interests. Stated differently, Movant has not shown that existing parties do not adequately represent his interests.

Under Nevada law, "[t]he term 'heirs' means any person entitled to inherit the estate of a decedent." *Parker v. Chrysler Motors Corp.*, 88 Nev. 560, 562 (1972) (citations omitted). Therefore, to the extent that Movant is entitled to inherit based on the outcome of this litigation, that entitlement lies in Decedent's estate. "The determination of heirship and rights in distribution of an estate is clearly at the core of the probate court's functions. For this Court to declare such rights would unduly interfere with the probate proceedings." *Balestra v. Balestra-Leigh*, No. 3:09-CV-00563-RCJ-(RAM), 2010 WL 2836400, at *4 (D. Nev. July 15, 2010). "It is well established that probate matters are not within the jurisdiction of the federal court." *Hensley v. U.S. Dist. Ct. E. Dist. of Cal.*, No. CIV S-07-1546 FCD DAD PS, 2008 WL 480000, at *10 (E.D. Cal. Feb. 19, 2008) (citing *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)); *see also Brooks v. Atwood*, No. CV 15-7724-JFW(E), 2016 WL 226009, at *4 (C.D. Cal. Jan. 19, 2016) ("Under the 'probate exception' to federal subject matter jurisdiction, a federal court lacks jurisdiction to probate or annul a will, administer an estate or dispose of property in the custody of a state probate court." (citing *Marshall*, 547 U.S. at 311–12)). Accordingly, since Movant claims that he is an heir to Decedent's estate, his interests are coextensive with that estate, and any issue with estate administration is best directed to the probate court.

To justify his claim that Ms. White-Rushiddin's administration of the Estate is inadequate, Plaintiff asserts that she failed to identify all lawful heirs to the probate court, include Movant in the Estate's notice of interested parties, or accurately document the existence of all heirs in legal filings. *See Mot.* 4. Several of these issues fall squarely within the probate court's jurisdiction, though the Court recognizes that Plaintiff has provided a certificate of mailing related to the probate action which includes Movant's name. *See* Dkt. # 63-2. Because Movant's interests stem directly from the Estate, there would be no need to include him in the notice of interested parties in this litigation—he has no standalone pecuniary interest in the litigation, only that which would stem from an inheritance through the Estate. *See* L.R. 7.1-1; *cf. Shorter v. California*, No. 2:24-cv-02799-DOC-BFM, 2024 WL 4644841, at *10 (C.D. Cal. Sept. 23, 2024) ("At most, Plaintiff appears to allege that actions involving Sondra's trust assets affect her interest in someday inheriting some portion of the assets of that trust . . . . But even assuming that Plaintiff is currently a beneficiary of Sondra's estate, such a contingent interest does not give Plaintiff standing to bring claims on behalf of either Sondra or Sondra's estate.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:25-cv-03480-MWC-MAR                                         Date: February 9, 2026

Title:    Estate of K. Muhammad *et al.* v. RCA Records *et al.*

　　　　Conclusory assertions are insufficient to demonstrate a right to intervene.  *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C 07-5944 SC, 2014 WL 12660025, at *1 (N.D. Cal. July 1, 2014).  Movant has offered no basis for the Court to determine that his interests diverge from those of the Estate.  He has not identified any issue with Plaintiff's litigation strategy or shown an entitlement to participate in the litigation on behalf of the Estate.  Without any basis to grant intervention as of right, the Court cannot do so.

　　　　Regarding Rule 24(b), Movant cannot show that he has any right under federal law to intervene.  *See* Fed. R. Civ. P. 24(b)(1)(A).  Nor has Movant shown that he "has a claim or defense that shares with the main action a common question of law or fact."  *See* Fed. R. Civ. P. 24(b)(1)(B).  The claim at issue—one for copyright infringement—is for intellectual property within the Estate's control.  *See generally Compl.*  Movant does not contend otherwise, only that he is entitled to benefit from the outcome of the litigation.  Since Movant has no claims relevant to this action without showing an ownership interest in the intellectual property at issue, Rule 24(b)(1)(B) is inapt.  Without grounds under Rule 24(b)(1)—and considering the Court's finding regarding Rule 24(a)(2) that Movant has no interest in the property at the center of this dispute apart from the interest of the Estate—the Court cannot allow Movant to intervene.

IV.　　Conclusion

　　　　For the foregoing reasons, the Court **DENIES** Movant's motion to intervene.  The February 13, 2026, hearing is **VACATED**.

　　　　**IT IS SO ORDERED.**

                                                                                                        :
                                                        **Initials of Preparer**   TJ